IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 21-22650-GLT |
| ANDREW LANCOS, JR. and | : | |
| CAROL ANN LANCOS, | : | CHAPTER 13 |
| | : | |
| DEBTORS | : | DOC NO. |
| _____ | : | |
| RONDA J. WINNECOUR, | : | RELATED TO DOC. NO. 27 |
| | : | |
| MOVANT | : | |
| VS. | : | |
| | : | |
| ANDREW LANCOS, JR. and | : | |
| CAROL ANN LANCOS, | : | |
| | : | |
| RESPONDENTS | : | |

**DEBTORS' RESPONSE TO TRUSTEE OBJECTION TO EXEMPTIONS**

**NOW COME** the Debtors, Andrew and Carol Lancos, and file the within Response to Trustee Objection to Exemptions of which the following is their statement:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5 [sic].    Denied. Debtors agree with Trustee that a debtor is permitted to exempt his or her interest in property. A bankruptcy estate is created at the time of the commencement of the bankruptcy case. 11 U.S.C. § 541(a). With certain exceptions not relevant here, the bankruptcy estate generally is comprised of all legal and equitable interests of the debtor in property at that moment. 11 U.S.C. § 541(a)(1).

11 U.S. Code § 541 - Property of the estate states:

> **(a)** The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located **and by whomever held**:
>
>> **(1)** Except as provided in subsections (b) and (c)(2) of this section, **all legal or equitable interests of the debtor in property** as of the commencement of the case.

The Trustee argues that the fact that the vehicle is titled solely in Husband's name, somehow removes Wife's equitable interest in the property as an asset of the estate under 11 U.S. Code § 541 is flawed.  Trustee's argument is contrary to the express language of 11 U.S. Code §§ 541 which specifically states that Property of the Estate consists of "All Legal or Equitable Interests ... in Property... by Whomever Held..."

A debtor's interest in property is determined by state law. Butner v. United States, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) ("Property interests are created and defined by state law."); In re O'Dowd, 233 F.3d 197, 202 (3d Cir.2000) ("While federal law defines what types of property comprise the estate, state law generally determines what interest, if any, a debtor has in property.").  In re Greenly, 481 B.R. 299 (Bankr. E.D. Pa. 2012).

"[T]he principle that the concept of property of the bankruptcy estate is extremely broad and that "[a]n interest is not outside the reach of [11 U.S.C. § 541] because it is novel or contingent or enjoyment must be postponed." Counties Contracting and Const. Co. v. Constitution Life Ins. Co., 855 F.2d 1054, 1057 n. 3 (3d Cir.1988) (*quoting* Segal v. Rochelle, 382 U.S. 375, 379, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966)) (internal quotations omitted); *see also* In re Downey Financial Corp., 499 B.R. 439, 453 (Bankr.D.Del.2013) (estate property includes all contingent interests and future interests, whether or not transferable by the debtor) (citing

H.R.Rep. No. 95–595, at 175–76, 1978 U.S.C.C.A.N. 5963, at 6136 (1977)). In re Hampshire, 505 B.R. 668 (Bankr. E.D. Pa. 2014).

The Co-Debtor, Carol Ann Lancos, possesses a marital / equitable interest in said 2020 Mercedes Benz GLB 250.

In Pennsylvania, marital property includes all property that was acquired during the marriage, regardless of how it is titled (in whose name it is). Gifts from one spouse to another are marital property if they were purchased with marital funds. Generally gifts and inheritances that a spouse receives during the marriage belong to that spouse. Pensions and business interests that were developed by one spouse are considered marital property if they were acquired during the marriage.

Marital property in Pennsylvania is defined by § 3501of the PA Statutes as:

(a) General rule.-As used in this chapter, "marital property" means all property acquired by either party during the marriage, including the increase in value, prior to the date of final separation, of any nonmarital property acquired pursuant to paragraphs (1) and (3), except:

(1) Property acquired prior to marriage or property acquired in exchange for property acquired prior to the marriage.

(3) Property acquired by gift, except between spouses, bequest, devise or descent.

**23 Pa. C.S. § 3501**

Since Carol Lancos' interest in the vehicle is marital, it is then entireties. At a minimum, her interest is equitable as she is the primary driver of the vehicle. The Debtors testified that Husband purchased the vehicle for her use. However, she was not available at the time of the transaction.

In In re Roebuck, 618 B.R. 730, 734 (Bankr. W.D. Pa. 2020) this Court stated: "Where 'the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.' '32 Even if the result seems inequitable, the Court has no authority to 'contravene specific statutory provisions.'33 ...".   Whether or not the Debtor Wife has a marital interest in the vehicle is not controlling as to her equitable interest in the vehicle. That equitable interest can be exempted.

6 [sic].        For reasons set forth above, the Debtors are entitled to stack their 522(d)(5) and (d)(2) exemptions to exempt their 2020 Mercedes Benz GLB 250 vehicle.

Respectfully submitted,

**SANTILLÁN LAW, P.C.**

/s/ Edgardo D. Santillan
Edgardo D. Santillán, Esquire
PA ID 60030

908 22nd Street
Aliquippa, PA 15001
724-770-1040
412-774-2266 fax
ed@santillanlaw.com