Case 21-22650-GLT    Doc 36    Filed 06/23/22    Entered 06/23/22 16:36:49    Desc Main
Document    Page 1 of 5

FILED
6/23/22 4:30 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 21-22650-GLT |
| **ANDREW LANCOS, JR.** and **CAROL ANN LANCOS**, | Chapter 13 |
| *Debtors*. | Related to Dkt. No. 1, 26, 27, 30 |

| | |
|---|---|
| Edgardo D Santillan, Esq. | James C. Warmbrodt, Esq. |
| Santillan Law, PC | Office of the Chapter 13 Trustee |
| Aliquippa, PA | Pittsburgh, PA |
| *Attorney for the Debtors* | *Attorney for Ronda J. Winnecour* |

## MEMORANDUM OPINION

Andrew and Carol Lancos claim combined exemptions in a 2020 Mercedes Benz GLB 250, consisting of $8,000 under 11 U.S.C. § 522(d)(2) and $26,800 under 11 U.S.C. § 522(d)(5).[1] The exemptions are significant because the vehicle is unencumbered and has a scheduled value of $44,000.[2] Ronda J. Winnecour, the chapter 13 trustee, objects to Carol's exemptions, asserting that she has no exemptible interest in the Mercedes because it is titled solely in Andrew's name.[3] In response, the Debtors argue that Carol Lancos "possesses a martial / equitable interest in [the] Mercedes" under Pennsylvania law.[4] At the hearing to consider the *Objection*, the parties agreed that the material facts are not in dispute and they declined an opportunity to present evidence.

---

[1]  *Amended Schedule C: The Property You Claim as Exempt* ("Schedule C"), Dkt. No. 26.

[2]  *Schedule A/B: Property*, Dkt. No. 1.

[3]  *Objection of Chapter 13 Trustee to Debtors' Claim of Exemptions* ("Objection"), Dkt. No. 27. The Trustee contends that the true value of "[t]he maximum available [§ 522](d)(2) exemption is therefore $4,000.00, and the maximum [§ 522](d)(5) exemption available is therefore $13,900."

[4]  *Response to Trustee Objection to Exemptions*, Dkt. No. 30 at 3 (citing 23 Pa. Stat. Ann. 3501(a)).

1

**I.    JURISDICTION**

This Court has authority to exercise jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 157(a), 1334, and the Order of Reference entered by the United States District Court for the Western District of Pennsylvania on October 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

**II.   DISCUSSION**

Congress crafted exemptions within the Bankruptcy Code to ensure that a debtor emerges from bankruptcy "with adequate possessions to begin his fresh start."[5] Functionally, an exemption removes a debtor's interest in property from the bankruptcy estate and places it "outside the reach of creditors."[6] Debtors are "allowed to 'stack' or 'double' their exemptions . . . [but] only to the extent that the debtors may each have a legal or equitable interest in the exempted property."[7] Indeed, as noted by In re Zellner, "multiple courts support the notion that without an ownership interest in property, a debtor may not claim an exemption in that property."[8] Courts

---

[5]   In re Scarpino, 113 F.3d 338, 340 (2d Cir.1997 (citing H.R.Rep. No. 95–595, at 126, reprinted in 1978 U.S.C.C.A.N. at 5963, 6087); see also In re Malloy, No. BR 14-17727, 2017 WL 3413004, at *3 (E.D. Pa. Aug. 9, 2017) (citing In re Cohen, 263 B.R. 724 (Bankr. D.N.J. 2001), for the proposition that "Congress sought to 'ensure that debtors [could come out of bankruptcy with adequation possessions to obtain a fresh start.'").

[6]   Naqvi v. Fisher, 192 B.R. 591, 594 (D.N.H. 1995).

[7]   In re Malloy, 2017 WL 3413004, at *3.

[8]   In re Zellner, No. 5-15-BK-01286 RNO, 2020 WL 1181337, at *8 (Bankr. M.D. Pa. Mar. 11, 2020); see also Matter of Newman, 875 F.2d 668, 670 (8th Cir. 1989) (citations omitted); In re Johnson, 565 B.R. 835, 841 (Bankr. S.D. Ohio 2017) (citations omitted); In re Rincan, 2010 WL 4777628, at *1 (Bankr. D.N.J. Nov. 17, 2010); In re Keenan, 364 B.R. 786, 798 (Bankr. D.N.M. 2007) (citations omitted); In re Shephard, 2007 WL 1385725, at *2 (Bankr. D.N.M. May 7, 2007) (citations omitted); In re Cohen, 263 B.R. at 726-27.

2

have further held that "an interest in property implies a monetary interest, and something more than a mere right to use" must be shown.[9]

A claimed objection is presumptively valid.[10] Accordingly, an objecting party bears the burden of proving the exemptions are not properly claimed.[11] "If the objecting party can produce evidence to rebut the exemption, the burden of production then shifts to the debtor to come forward with unequivocal evidence to demonstrate that the exemption is proper."[12] The objecting party satisfies this burden by a preponderance of the evidence.[13]

The Trustee argues that a combined exemption may be claimed only if the debtors both maintain a legal interest in the subject property.[14] Here, the Trustee argues that because Carol's name is absent from the vehicle's certificate of title, she maintains no exemptible legal interest in the property and the objection must be sustained. The Trustee relies on two cases—*In re Gorski* and *In re Cohen*—for the proposition that debtors cannot claim a combined exemption without joint ownership or a valid tenancy by the entireties holding title to the property.[15] In *Gorski*, the court sustained an objection to exemptions claimed by joint debtors because the entireties tenancy was severed prepetition.[16] Similarly in *Cohen,* the court held that a combined

---

[9] In re Cohen, 263 B.R. at 726; see also Matter of Cunningham, 5 B.R. 709, 711 (Bankr. D.Mass. 1980); In re Hartman, 211 B.R. 899, 903 (Bankr. C.D.Ill. 1997) (citing Matter of Freund, 32 B.R. 622 (Bankr. W.D.Wisc. 1983)).

[10] 11 U.S.C. § 522(l); see In re Yanovich, 544 B.R. 306, 308 (Bankr. W.D. Pa. 2016).

[11] Fed. R. Bankr. P. 4003(c).

[12] In re Scioli, No. 12-10572 CSS, 2013 WL 318718, at *2 (Bankr. D. Del. Jan. 28, 2013), subsequently aff'd, 586 F. App'x 615 (3d Cir. 2014) (internal quotation marks omitted).

[13] In re LeClair, 461 B.R. 86, 90 (Bankr. D. Mass. 2011).

[14] See Objection, Dkt. No. 27 at ¶ 4.

[15] See In re Gorski, 85 B.R. 371 (Bankr. W.D. Pa. 1988); In re Cohen, 263 B.R. 724.

[16] In re Gorski, 85 B.R. at 372.

3

exemption cannot stand when co-debtors concede that one of the debtors never held an ownership interest in the subject property.[17]

The Debtors argue that the "bankruptcy estate generally is comprised of all legal and equitable interests of the debtor in property [on the petition date]."[18] Because "a debtor's interest in property is determined by state law,"[19] the Debtors assert that the Mercedes is "marital property" under Pennsylvania law and belongs to them jointly, regardless of the name on the title.[20] They cite a Pennsylvania divorce statute in support and further argue that "[s]ince Carol Lancos' interest in the vehicle is marital, it is then entireties."[21] The Debtors hedge their argument by concluding that "[a]t a minimum, [Carol's] interest is equitable as she is the primary driver of the vehicle."[22]

Under Pennsylvania law, the certificate of title establishes "some evidence of ownership [of a vehicle.]"[23] Yet Carol is not listed on the title for the Mercedes. Nor is there evidence that the Debtors hold the Mercedes together as tenants by the entireties. "A tenancy by the entireties requires a legally binding marriage plus the satisfaction of all four unities"—time,

---

[17] In re Cohen, 263 B.R. at 726.

[18] *Response to Trustee Objection to Exemptions*, Dkt. No. 30 at ¶ 5.

[19] Id. (citing Butner v. United States, 440 U.S. 48, 55 (1979)).

[20] Id. at 3 (wherein the Debtors paraphrase 23 Pa. C.S. § 3501 for the proposition that "[m]arital property includes all property that was acquired during the marriage, regardless of how it is titled.").

[21] Id.

[22] See id. The Debtors further justify the omission of Carol's name from the title because "she was not available at the time of the transaction."

[23] Semple v. State Farm Mut. Auto. Ins. Co., 215 F.Supp. 645, 647 (E.D. Pa. 1963); Habbyshaw v. Com., Dep't of Transp., Bureau of Driver Licensing, 683 A.2d 1281, 1283 (Pa. Commw. Ct. 1996) (citing Dep't of Transp. v. Walker, 584 A.2d 1080, 1082 (Pa. Commw. Ct. 1990)).

title, possession, and interest.[24] Here, the record shows that the Debtors did not obtain title by the same instrument at the same time they took possession of the Mercedes. In fact, Carol did not obtain title at all. Without unity of title, the Mercedes cannot be held by the Debtors as tenants by the entireties. At best, Carol may have a possessory interest in the vehicle because she is allegedly the primary user. As previously noted, however, a mere right to use property is insufficient to establish an exemptible interest under the federal bankruptcy exemptions. A debtor must have an ownership interest in an asset to claim an exemption.[25] Because the Debtors failed to produce "unequivocal evidence" proving that Carol maintains a cognizable interest in the Mercedes beyond a mere right to use, she cannot assert an exemption in the vehicle.

### III.  CONCLUSION

In light of the foregoing, the Court will sustain the *Objection* and strike the exemptions claimed by Carol in the Mercedes. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052. The Court will issue a separate order consistent with this opinion.

ENTERED at Pittsburgh, Pennsylvania.

Dated: June 23, 2022

GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

Case administrator to mail to:
Debtors

---

[24]  In re Estate of Rivera, 2018 Pa. Super 225, 194 A.3d 579, 586 (Pa. Super. 2018) (citing Fenderson v. Fenderson, 454 Pa. Super. 412, 685 A.2d 600, 607 (Pa. Super. 1996)). The Superior Court described the unities as follows:

> Unity of time requires that the interests of the tenants vest at the same time. Unity of title requires the tenants to have obtained their title by the same instrument. . . . Unity of possession requires the tenants to have an undivided interest in the whole estate. . . . Unity of interest requires the tenants to have estates in the property of the same type, duration and amount.

Id.

[25]  See also In re Frankel, 508 B.R. 527, 531 (Bankr. D. Mass. 2014).

5